# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **BELINDA GOGGINS, also known as Belinda Goggins Stewart** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:18cv23-LG-RHW** |
| **HUNTINGTON INGALLS INDUSTRIES; METROPOLITAN LIFE INSURANCE COMPANY; and A THROUGH Z** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are the [11] Motion for Judgment on the Administrative Record or, Alternatively, Motion for Summary Judgment filed by the defendant Metropolitan Life Insurance Company (hereafter referred to as "Met Life") and the [13] Motion for Summary Judgment filed by the defendant Huntington Ingalls Industries (hereafter referred to as "Ingalls"). The Court will treat Met Life's Motion as a Motion for Summary Judgment. The plaintiff, Belinda Goggins, did not respond to the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that both defendants are entitled to judgment as a matter of law.

## BACKGROUND

Goggins filed this lawsuit against Ingalls, Met Life, and Defendants A through Z. She alleges that she was the common law wife of Michael Scott Stewart, who died on February 25, 2013, and was insured by a Met Life insurance policy issued to Ingalls employees. Goggins notes that she and Mr. Stewart resided in

Alabama at the time of his death. According to the Complaint, Ingalls advised Goggins that it would notify her of any life insurance policies issued to Mr. Stewart, but it failed to notify her of a Met Life policy in the amount of $323,000.[1] Met Life paid the proceeds of the policy to Mr. Stewart's son, Goggins claims, because Met Life was unaware that she was Mr. Stewart's spouse.[2] Goggins seeks a declaratory judgment pursuant to Miss. R. Civ. P. 57 that (1) she was Mr. Stewart's common law spouse at the time of his death, and (2) she was the rightful beneficiary of Mr. Stewart's life insurance policy. Goggins also attempts to assert negligence claims against Ingalls and Met Life. Ingalls removed the case to this Court on the basis of ERISA preemption as well as diversity jurisdiction. The defendants then filed the present Motions seeking judgment as a matter of law in their favor.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant

---

[1] The Administrative Record indicates that Mr. Stewart had two policies — a basic life policy providing benefits of $25,000 and an optional life insurance policy providing benefits of $323,000 — but the optional life policy was canceled prior to Mr. Stewart's death.

[2] Although Goggins alleges that the policy proceeds were paid to one of Mr. Stewart's sons, Met Life has provided evidence that it divided the policy between Mr. Goggins' two sons pursuant to Mr. Stewart's designation of beneficiaries.

carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

The parties do not dispute that the life insurance policy issued to Mr. Stewart is governed by ERISA. The Court agrees, as the policy is an "employee benefit plan" maintained or established by an employer engaged in activity affecting commerce.[3] *See* 29 U.S.C. §§ 1002(1), 1003(a).

The Court must next determine whether Goggins has standing to file this ERISA lawsuit, because "the issue of standing is one of subject matter jurisdiction . . . ." *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006). Section 502(a) of

---

[3] As Goggins asserts in her Complaint, Ingalls operates a shipyard in Jackson County, Mississippi. (Compl. 1, ECF No. 1-2).

ERISA, 29 U.S.C. § 1132(a) provides that only participants, beneficiaries, or fiduciaries can file a civil action. Goggins claims that she is a beneficiary of Mr. Stewart's life insurance policy. (Compl. 8, ECF No. 1-2.) For purposes of ERISA claims, "[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). "[T]o establish that he or she may become eligible for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Cobb*, 461 F.3d at 635 (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989)) (internal quotation marks and italics omitted). Proof of a colorable claim is insufficient to establish standing if the claimant is not designated as a beneficiary by either the employee benefit plan or a plan participant. *Id.* at 636.

Goggins has not submitted any evidence or testimony indicating that she was designated as a beneficiary; rather, the administrative record indicates that Mr. Stewart had designated his sons, Michael C. Stewart and Tyler Stewart, as beneficiaries. (Admin. R. 120, ECF No. 16-1). As a result, Goggins does not have standing to pursue this case, and this Court does not have jurisdiction to further consider this matter. This lawsuit must be dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED FOR LACK OF JURISDICTION**. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [11] Motion for Judgment on the Administrative Record or, Alternatively, Motion for Summary Judgment filed by the defendant Metropolitan Life Insurance Company and the [13] Motion for Summary Judgment filed by the defendant Huntington Ingalls Industries are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE